IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LIBERTY PATENTS, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:21-cv-00078-ADA |
| v. | § § | |
| MICROCHIP TECHNOLOGY INCORPORATED et al., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANT NXP'S PARTIAL MOTION TO DISMISS**
<u>**FOR FAILURE TO STATE A CLAIM**</u>

102115767.1

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD............................................................................................................ 1

    A. Dismissal Under Rule 12(b)(6) ................................................................................1

    B. Properly Pleading Indirect Infringement ..................................................................2

    C. Properly Pleading Willful Infringement ...................................................................3

III. ARGUMENT......................................................................................................................... 4

    A. Liberty Patents' Induced Infringement Claim for the '612 Patent Should Be Dismissed .................................................................................................................4

        1. Liberty Patents fails to adequately plead knowledge or willful blindness of the '612 Patent ............................................................................ 4

    B. Liberty Patents' Contributory Infringement Claims for the '612 Patent Should Be Dismissed .................................................................................................................6

    C. Liberty Patents' Willful Infringement Claims for the '612 Patent Should Be Dismissed .................................................................................................................8

        1. Liberty Patents pleads the wrong standard for willful infringement.... 9

        2. Liberty Patents fails to adequately plead knowledge or willful blindness of the '612 Patent ............................................................................ 10

IV. CONCLUSION.................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ......................... 6

*Aguirre v. Powerchute Sports, LLC*,
   No. SA–10–CV–702–XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ............... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................... 1, 2, 6, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 2, 6

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ......................................................................................... 6

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ........................................................................... 2

*Fernandez–Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ............................................................................... 2

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ................................................................................ 2

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ........................................................................... 3

*Global-Tech Appliances, Inc. v. SEB SA*,
   563 US 754 (2011) ............................................................................................ 5, 6

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................................ 3, 9, 10

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..................... 2

*Iron Oak Techs., LLC v. Dell, Inc.*,
   No. 1:17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) .................... 7

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
   No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ............. 7, 8

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1:18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) .................. 10

*Meraz v. M. Susan Rice, P.C.*,
    No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D. Tex. May 15, 2009)................................1

*Nonend Inventions, N.V. v. Apple Inc.*,
    No. 2:15-cv-466-JRG, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016).....................................6

*Nonend Inventions, N.V. v. Apple Inc.*,
    No. 2:15-cv-466-JRG, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016).....................................6

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)...........................2, 3

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007)......................................................................................9, 10

*Valinge Innovations AB v. Halstead New England Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .......................................3

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-cv-0254-ADA, slip op. (W.D. Tex. Aug. 6, 2019) ....................................................6

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016)..............................................................................................10

**Rules and Statutes**

35 U.S.C. § 271..................................................................................................................2, 3

Federal Rule of Civil Procedure 12(b)(6) ........................................................................1, 2, 11

35 U.S.C. § 284..........................................................................................................3, 9, 10

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants NXP Semiconductors N.V., NXP B.V., and NXP USA, Inc. d/b/a NXP Semiconductors USA, Inc. (collectively, "NXP") move to dismiss Plaintiff Liberty Patents, LLC's ("Liberty Patents") claims for induced, contributory, and willful infringement in its Original Complaint for Patent Infringement ("Complaint"). Dkt. No. 1. This partial motion to dismiss suspends the time to respond to the entire complaint. *Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1-2 (W.D. Tex. May 15, 2009).

## I. INTRODUCTION

Liberty Patents accuses NXP of infringing a single patent: U.S. Patent No. 7,493,612 (the "'612 Patent"). In particular, Liberty Patents' Complaint asserts indirect and willful infringement of the '612 Patent. But, Liberty Patents' indirect and willful infringement claims are insufficiently pled. At a minimum, the induced infringement claims lack any requisite plausible factual allegation concerning NXP's knowledge of the '612 Patent. Liberty Patents' contributory infringement claims lack any requisite plausible factual allegations concerning NXP's (1) knowledge of the '612 Patent, or (2) knowledge that such components were especially made or especially adapted for use in an infringement of the '612 Patent and lack of substantial non-infringing uses. And, Liberty Patents' willful infringement claims (1) plead the wrong legal standard, and (2) lack plausible factual allegations that NXP had knowledge of the '612 Patent. As a result, respectfully, the Court should dismiss these claims under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

### A. Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original). "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation).

### B. Properly Pleading Indirect Infringement

Under 35 U.S.C. §§ 271(b) and (c), a defendant may be found to be an indirect infringer if it induces or contributes to the infringement of a third party. To properly plead induced infringement under 35 U.S.C. § 271(b), a complaint "must allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). To properly plead contributory infringement under

102115767.1

2

35 U.S.C. § 271(c), a complaint must allege facts plausibly showing that the accused infringer sells within or imports into the United States a component of a patented apparatus or one for use in practicing a patented process and: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

### C.  Properly Pleading Willful Infringement

Section 284 of the Patent Act allows a patentee to seek enhanced damages.  35 U.S.C. § 284 (a Court may "increase the damages up to three times the amount found or assessed").  The Supreme Court has explained that willfulness, and the resulting increased damages under Section 284, should be limited to "egregious cases of misconduct beyond typical infringement."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  Whether the alleged infringement is egregious enough to justify enhanced damages turns on an assessment of the accused infringer's state of mind.  *See id*. at 1933 ("culpability is generally measured against the knowledge of the actor at the time of the challenged conduct.").

A claim of willful infringement is a serious charge.  It accuses a defendant of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Id.* at 1932.  Accordingly, a claim of willful infringement cannot be pleaded in a perfunctory manner with mere boilerplate allegations.  To state a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3 (quoting *Valinge*

*Innovations AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

### III.     ARGUMENT

#### A.      Liberty Patents' Induced Infringement Claim for the '612 Patent Should Be Dismissed

Liberty Patents' Complaint fails to properly plead induced infringement because it includes no plausible facts suggesting NXP knew of or was willfully blind to the '612 Patent.

Representative examples of Liberty Patents' assertion of induced infringement of the '612 Patent is presented below:

> Defendants performed these steps, which constitute induced infringement, **with the knowledge of the '612 Patent** and with the knowledge that the induced acts constitute infringement.

Complaint at ¶ 70 (emphasis added); *see also id.* at ¶ 80.

> **Defendants have had actual knowledge of the '612 Patent at least as of the date when they were notified of the filing of this action.** Since at least that time, Defendants have known the scope of the claims of the '612 Patent, the products that practice the '612 Patent, and that Liberty Patents is the owner of the '612 Patent.

*Id.* at ¶ 88 (emphasis added).

> Furthermore, Defendants have a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others), and thus have been willfully blind of Liberty Patents' patent rights. *See, e.g.,* M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008).

*Id.* at ¶ 90.

##### 1.      *Liberty Patents fails to adequately plead knowledge or willful blindness of the '612 Patent*

Liberty Patents' assertion that "Defendants performed these steps, which constitute induced infringement, ***with the knowledge of the '612 Patent*** . . . ." is a threadbare conclusion. Complaint at ¶ 70 (emphasis added); *see also id.* at ¶ 80. Liberty Patents provides no factual basis to support a plausible claim that NXP would or should have knowledge of the '612 Patent. *See*

*Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement.").

The Complaint also alleges that "Defendants have had actual knowledge of the '612 Patent at least as of the date when they were notified of the filing of this action." Complaint at ¶ 88. But case law from this District holds that post-suit knowledge is insufficient to plausibly support indirect and willful infringement allegations. Without adequate allegations of pre-suit knowledge of the asserted patents, courts in this district have dismissed indirect infringement claims. *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (dismissing indirect infringement claims because the "complaint does not plead any facts that would support an allegation of pre-suit knowledge"); *Aguirre v. Powerchute Sports, LLC*, No. 5:10-cv-00702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (recommending dismissal of indirect infringement because "[t]o the extent [Plaintiff] relies on knowledge of [his] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement").

In the alternative, the Complaint asserts that NXP was willfully blind to the '612 Patent because "Defendants have a policy or practice of not reviewing the patents of others . . . ." Complaint at ¶ 90. Willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB SA*, 563 US 754, 769 (2011). "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.*

Liberty Patents' bare assertion that all defendants—including NXP—have "a policy or practice of not reviewing the patents of others" does not clear the hurdle of *Twombly* and *Iqbal*. Even if such a policy existed and was plausibly plead, case law from this Court and others confirms that an alleged policy of not reviewing third party patents is insufficient to plead willful blindness. *See VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-0254-ADA, slip op. at 1 (W.D. Tex. Aug. 6, 2019) ("The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness."); *Nonend Inventions, N.V. v. Apple Inc.*, No. 2:15-cv-466-JRG, 2016 WL 1253740, at *2-3 (E.D. Tex. Mar. 11, 2016), report and recommendation adopted, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) ("Motorola's policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness.' . . . [M]ore must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'") (citing *Global-Tech*, 563 U.S. at 769).

Liberty Patents has not sufficiently pled knowledge or willful blindness of the '612 Patent, and thus its induced infringement claims should be dismissed.

### B. Liberty Patents' Contributory Infringement Claims for the '612 Patent Should Be Dismissed

Liberty Patents' allegations of contributory infringement fare no better. First, Liberty Patents' contributory infringement claims should additionally (and independently) be dismissed because the Complaint insufficiently alleges knowledge or willful blindness of the '612 Patent. "Like induced infringement, contributory infringement requires knowledge of the patent in suit . . . ." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Affinity Labs*, 2014 WL 2892285, at *8 ("As with induced infringement, contributory infringement requires that the defendant have knowledge of the existence of the patent that is infringed."). As discussed in

Section III.A.1, Liberty Patents' pleading of knowledge or willful blindness of the '612 Patent is deficient.

Second, the Complaint fails to plausibly allege that any component sold or imported by NXP has no substantial non-infringing uses. "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement . . . . [w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012). As with its induced infringement allegations, the Complaint includes mere "threadbare recitals" of the elements of contributory infringement for the '612 Patent:

> The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '612 Patent, including, for example, claim 1 of the '612 Patent.
>
> The special features include, for example, retrieving automatic software updates in an embedded system used in a manner that infringes the '612 Patent.
>
> These special features constitute a material part of the invention of one or more of the claims of the '612 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

Complaint at ¶¶ 84-86.

Liberty Patents' general allegation that defendants' "accused products have special features that are specially designed to be used in an infringing way and that have no substantial [non-infringing] uses" is not sufficient. *See Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015). A "conclusory allegation" that "components provided by" the accused infringer "are not staple articles of commerce suitable for substantial non-fringing use" is "no more than a 'threadbare recital' of one of the elements." *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at

*2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556 U.S. at 678) (dismissing contributory infringement claims). It is apparent that the accused "embedded systems capable of automatically updating system software" (Complaint at ¶ 51) have substantial non-infringing uses, such as the "multiple display applications, industrial systems, vision, HMI and single-board computers" listed in Paragraph 44 of the Complaint.

Further, Liberty Patents' statement that the accused products' "***special features*** include, for example, retrieving automatic software updates in an embedded system used in a manner that infringes the '612 Patent" (Complaint at ¶ 85), does not fill the hole left by Liberty Patents' boilerplate pleading. The Federal Circuit has rejected such a narrow focus when determining substantial non-infringing use. *See In re Bill of Lading*, 618 F.3d at 1338 (insufficient to plead "if you use this device to perform the patented method, the device will infringe and has no noninfringing uses"). Here, Liberty Patents essentially points to claim language to make the unremarkable contention that that anything that meets the claim language has no substantial non-infringing use. This type of circular pleading was, however, rejected in *Joao Control*, where the court found insufficient "the circular position that the accused product itself is infringing and therefore cannot operate in a way that does not infringe." *Joao Control*, 2015 WL 3513151, at *5.

As such, Liberty Patents' contributory infringement allegations are insufficient and warrant dismissal.

    **C.**    **Liberty Patents' Willful Infringement Claims for the '612 Patent Should Be Dismissed**

The Complaint's willful infringement allegations should be dismissed because they (1) plead the wrong legal standard; and (2) insufficiently plead knowledge or willful blindness of the '612 Patent. For its willful infringement claims, Liberty Patents asserts the following:

102115767.1

8

> Defendants' actions are at least objectively reckless as to the risk of infringing valid patents, and this objective risk was either known or should have been known by Defendants. Defendants have knowledge of the '612 Patent.
>
> Defendants' direct and indirect infringement of the '612 Patent has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of Liberty Patents' rights under the patent-in-suit.

Complaint at ¶¶ 91, 93.

### 1. Liberty Patents pleads the wrong standard for willful infringement

Liberty Patents' willful infringement claims should be dismissed because they plead willfulness based on a overruled legal standard. The Complaint alleges that defendants were "objectively reckless," in conformance with the *Seagate* legal standard. Complaint at ¶ 91; *see In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). But the objectively reckless test was abrogated by the Supreme Court in *Halo Electronics*. *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 136 S. Ct. 1923, 1928 (2016) ("The question before us is whether this test is consistent with § 284. We hold that it is not."); *id.* at 1393-94 ("Section 284 permits district courts to exercise their discretion in a manner free from the inelastic constraints of the *Seagate* test. . . .[Section 284] punishment should generally be reserved for egregious cases typified by willful misconduct."). Liberty Patents fails to plead any facts suggesting that NXP engaged in any egregious misconduct, as required by *Halo*. "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932; *see id.* at 1935 (cautioning that enhanced damages should not be awarded in "garden-variety" infringement cases).

Courts in this district dismiss willful infringement claims incorrectly pled in accordance with the abrogated *Seagate* test:

> Meetrix's complaint states the elements of the *Seagate* test for willful infringement. But the United States Supreme Court explicitly overruled that test in *Halo*:

> Under *Seagate*, a patent owner must first "show . . . that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Second, the patentee must demonstrate . . . that the risk of infringement "was either known or so obvious that it should have been known to the accused infringer." The question before us is whether this test is consistent with § 284. We hold that it is not.
>
> *Halo*, 136 S. Ct. at 1928 (quoting *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*)). Meetrix's willfulness allegation under the abrogated *Seagate* standard fails to state a claim for willful infringement.

*Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *4 (W.D. Tex. Nov. 30, 2018). Likewise, Liberty Patents' reliance on an outdated legal standard merits dismissal of the willful infringement claims.

Liberty Patents has pled no facts suggesting that NXP has behaved in an egregious manner, as *Halo* requires. "[N]umerous district courts have concluded that an allegation of willful infringement without evidence of egregiousness is futile." *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 383 (E.D. Mich. 2020) (collecting cases); *see Meetrix*, 2018 WL 8261315, at *3 (dismissing willful infringement claim "because the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"). Respectfully, Liberty Patents' willful infringement claim should be dismissed because, by applying the wrong test, Liberty Patents has failed to state a claim upon which relief can be granted.

2. *Liberty Patents fails to adequately plead knowledge or willful blindness of the '612 Patent*

Liberty Patents' willful infringement claims should also be dismissed because the Complaint insufficiently alleges knowledge or willful blindness of the '612 Patent. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). As discussed in Section III.A.1, Liberty Patents' pleading of knowledge or willful blindness of the '612 Patent is deficient.

The Federal Circuit and this District have similarly held that sufficient allegations of pre-suit knowledge are required to plausibly plead willful infringement. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 831 F.3d 1275, 1295 (Fed. Cir. 2017) (stating that "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct" because "a patentee must have a good faith basis for alleging willful infringement"); *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 7:19-cv-00026, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a specific allegation of pre-suit knowledge of the asserted patents."); *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-cv-762, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) ("Inhale's complaint fails to state a claim for willful infringement because it fails to allege facts raising a plausible inference of Gravitron's pre-suit knowledge of the '563 Patent."). The Complaint does not allege—and there does not exist—any extraordinary circumstances permitting Liberty Patents to plead willfulness without any adequate allegation of pre-suit knowledge. *See generally Frac Shack*, 2019 WL 3818049, at *5.

## IV.     CONCLUSION

For the foregoing reasons, NXP respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for induced, contributory, and willful infringement of the '612 Patent under Rule 12(b)(6).

| | |
|---|---|
| April 12, 2021 | Respectfully submitted, |
| | By: */s/ Richard S. Zembek* |

Richard S. Zembek
Texas State Bar No. 00797726
richard.zembek@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

Eric C. Green
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Texas State Bar No. 24069824
eric.green@nortonrosefulbright.com
Tel: (512) 536-3094
Fax: (512) 536-4598

**COUNSEL FOR NXP SEMICONDUCTORS N.V., NXP B.V., AND NXP USA, INC. D/B/A NXP SEMICONDUCTORS USA, INC.**

**CERTIFICATE OF SERVICE**

      I certify that on April 12, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      By: <u>*/s/ Richard S. Zembek*</u>
           Richard S. Zembek