**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| LIBERTY PATENTS, LLC,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MICROCHIP TECHNOLOGY<br>INCORPORATED et al.,<br><br>　　　Defendants. | CIVIL ACTION NO. 6:21-cv-00078-ADA<br><br>**JURY TRIAL DEMANDED** |

**OPPOSITION TO NXP'S PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(B)(6) .......... 1

III. THE COMPLAINT PLEADS KNOWLEDGE IN SUPPORT OF LIBERTY'S INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT CLAIMS ............. 3

    A. The Complaint Pleads Pre-Suit Knowledge Based on a Theory of Willful Blindness ....... 3

    B. Pre-Suit Knowledge Is Not Required To State a Claim for Induced Infringement, Contributory Infringement, or Willful Infringement ............................................................ 8

IV. THE COMPLAINT STATES A CLAIM FOR INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT ................................................................................... 11

    A. The Complaint Plausibly Pleads a Claim for Induced Infringement ............................. 11

    B. The Complaint Plausibly Pleads a Claim for Contributory Infringement ..................... 11

    C. The Complaint Plausibly Pleads a Claim for Willful Infringement .............................. 13

V. IF NECESSARY, THE COURT SHOULD GRANT LEAVE TO AMEND .................. 16

VI. CONCLUSION .................................................................................................................. 16

I.      INTRODUCTION

The Court should deny NXP's Rule 12(b)(6) motion to dismiss. Liberty Patents, LLC's complaint adequately pleads claims for induced, contributory, and willful infringement of U.S. Patent No. 7,493,612 ("the '612 patent").

First, NXP asserts that the complaint's willful blindness allegation cannot meet the pre-suit knowledge element of Liberty's induced, contributory, and willful infringement claims. NXP is incorrect, as the complaint alleges affirmative, deliberate conduct designed to avoid knowing of the existence of patents (including the asserted patent) and NXP's infringement of those existing patents. The alleged conduct readily meets the standard articulated by the Supreme Court in *Global-Tech Appliances, Inc. v. SEB S.A.*, 536 U.S. 754 (2011).

Second, even if the complaint did not adequately plead pre-suit knowledge (which it does), the Court should still deny NXP's motion. That is because pre-suit knowledge of an asserted patent need not be alleged to state a claim for post-suit induced, contributory, or willful infringement. And NXP does not deny that the complaint adequately pleads post-suit knowledge.

Finally, NXP raises other purported deficiencies in the complaint's contributory and willful infringement claims. But these arguments are without merit, because the complaint (1) plausibly pleads the absence of substantial noninfringing uses in support of Liberty's contributory infringement claim; and (2) plausibly pleads the required elements of willful infringement under the correct legal standard.

II.     LEGAL STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is a "purely procedural question," so the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d

1

1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, such motions "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations omitted).

Rule 8(a) requires only a "short plain statement of the claim" sufficient to give the defendant fair notice of what act is being accused. Fed. R. Civ. P. 8(a).[1] In deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016); *Lormand*, 565 F.3d at 232. Despite the facial simplicity of these requirements, the Supreme Court explained in *Bell Atlantic Corp. v. Twombly* that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). The plausibility standard, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In general, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

---

[1] Notably, NXP implies that there is a heightened pleading standard for willful infringement. *See* Mot. at 3 ("A claim of willful infringement is a serious charge. . . . Accordingly, a claim of willful infringement cannot be pleaded in a perfunctory manner . . . ."). This is misleading; claims of willful infringement fall under the same Rule 8 pleading standard as the remainder of the complaint's claims. There is no heightened pleading standard or requirement to plead willful infringement with particularity. *Ferguson Beauregard/Logic Ctrls., Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b).").

### III. THE COMPLAINT PLEADS KNOWLEDGE IN SUPPORT OF LIBERTY'S INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT CLAIMS

NXP asserts that the complaint does not properly plead the knowledge element of Liberty's induced, contributory, and willful infringement claims. *See* Mot. at 4-6, 6-7, 10-11. But as NXP itself acknowledges, the complaint pleads pre-suit knowledge based on NXP's willful blindness before this lawsuit was filed. Further, the complaint pleads knowledge at least as of the date NXP learned that this action was filed, and pre-suit knowledge is not required to sustain a claim for indirect or willful infringement. So the complaint also properly pleads knowledge from the filing of the complaint.

#### A. The Complaint Pleads Pre-Suit Knowledge Based on a Theory of Willful Blindness

As NXP acknowledges (Mot. at 5-6), the complaint alleges that NXP was willfully blind to the existence and its infringement of the '612 patent **before** the suit was filed:

> Furthermore, Defendants have a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others), and thus have been willfully blind of Liberty Patents' patent rights. *See, e.g.*, M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008).

Dkt. 1 ¶ 90. An allegation of willful blindness is an allegation of knowledge. *See Global-Tech*, 563 U.S. at 770. So the complaint plausibly pleads pre-suit knowledge in support of Liberty's induced, contributory, and willful infringement claims.

This willful blindness allegation meets the *Global-Tech* standard. In *Global-Tech*, the Supreme Court explained that "a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 769. As the Court explained, the key distinction between willful blindness, on the one hand, and recklessness or deliberate indifference, on the other, is ***affirmative, deliberate conduct***. *See id.* at 770 ("[I]n demanding only 'deliberate indifference' to

3

that risk, the Federal Circuit's test does not require active efforts by an inducer to avoid knowing about the infringing nature of the activities."). Here, the complaint meets the *Global-Tech* standard by alleging **deliberate conduct** in the form of creating a policy of not reviewing patents, including the **affirmative act** of instructing employees not to review the patents of others.

And the existence of the policy itself supports an inference that NXP knew of a high probability that patents (including the asserted patent) existed **and** that it infringed those existing patents. That is because it is a widely known practice in the technology industry to implement policies as alleged, expressly to avoid liability for willfulness:

> **Virtually everyone does it.** They do it at all stages of endeavor. Companies and lawyers tell engineers not to read patents in starting their research, lest their knowledge of the patent disadvantage the company by making it a willful infringer. . . . This **intentional ignorance** of patent rights in the hands of others has led some to label major manufacturers in the IT industries "patent pirates."

Ex. A [M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)] at 21-22 (emph. added).[2] At the pleading stage, Liberty is entitled to all inferences in its favor. *Lormand*, 565 F.3d at 232.

---

[2] *See also* Edwin H. Taylor & Glenn E. Von Tersch, *A Proposal to Shore Up the Foundations of Patent Law that the Underwater Line Eroded*, 20 Hastings Comm. & Ent. L.J. 721, 737 (1998) ("As matters now stand many companies discourage employees from reading patents. This presumably lessens the chance that the company will be found to have knowledge of a patent."); Dennis Fernandez, *Move Over Letterman: Top 10 Most Common IP Management Mistakes for New Companies*, Pat. Strategy & Mgmt., July 1, 2003, at 3 ("Additionally, in many cases it may be appropriate for companies, as a matter of policy, to discourage looking at issued patents owned by other entities so as to avoid awareness of potentially infringing patents."); Mark A. Lemley & Ragesh K. Tangri, *Ending Patent Law's Willfulness Game*, 18 Berkeley Tech. L.J. 1085, 1100-01 (2003) ("[I]n-house patent counsel and many outside lawyers regularly advise their clients not to read patents if there is any way to avoid it. What you do know will certainly harm you, they reason, so it is generally better not to know. Thus, from the perspective of a potential infringer, ignorance is bliss."); Timothy B. Lee, *It's Normal for Software Companies to Ignore Patents*, Forbes Contributor post (2/27/2012) ("[A]lmost all software companies ignore their competitor's patents."); Tom Krazit, "*Why Tech Companies Want Engineers To Ignore Patents When Designing Products*," Gigaom, Nov. 2, 2011 ("[S]everal companies in the tech

District courts applying *Global-Tech* in the Rule 12(b)(6) context have found as much on multiple occasions. In *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. 2019), the court conducted an in-depth analysis of allegations nearly identical to those here.[3] Relating these allegations to the *Global-Tech* standard, the court concluded that the complaint described two acts, "each of which is ***independently sufficient*** to satisfy the plausibility standard under [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)]." 408 F. Supp. 3d at 833 (emph. added). First, "***[c]reating a policy*** prohibiting review of patents is a specific kind of 'deliberate action[] to avoid learning' of potential infringement." *Id.* (citing *Global-Tech*, 563 U.S. at 768) (emph. added). Second, "'***instructing*** its employees to not review the patents of others'" amounted to "specific acts to implement and enforce [Defendant's] policy of willful blindness." *Id.* at 834 (emph. added). As the court explained, "[e]ither factual allegation—the ***existence*** of the policy or its ***implementation*** in the form of specific acts of willfully blind conduct—is sufficient to state a claim at the pleading stage. Taken together, the combination of allegations more than suffices [] '"to cross the federal court's threshold."' *Id.* (emph. in orig.; quoting *Script Security Solns. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (Bryson, Cir. J., by designation)). Numerous other decisions have ruled consistently with *Motiva*. *See, e.g.*, *Script Security Solns.*, 170 F. Supp. 3d at 937-38; *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-123-JRG-RSP, 2020 WL 6534094, at **5, 6, 7 (E.D. Tex. Aug. 27, 2020).[4] Given the

---

industry *actively discourage* their engineers from thinking about whether concepts and products under development might have already been patented . . . .") (emphasis added).

[3] The complaint in *Motiva* alleged: "Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Motiva's patent rights." 408 F. Supp. 3d at 825 (emph. omitted).

[4] *See also American Patents LLC v. Acer Inc.*, No. 4:18-cv-697-ALM (E.D. Tex.) at Dkts. 16 (Jan. 3, 2019) (motion to dismiss), 35 (May 17, 2019) (order denying motion); *American Patents LLC v. AsusTek Computer Inc.*, No. 4:18-cv-698-ALM (E.D. Tex.) at Dkts. 17 (Jan. 11, 2019) (motion to dismiss), 33 (May 17, 2019) (order denying motion); *American Patents LLC v.*

close parallels between the relevant allegations, the Court should follow the reasoned analysis of *Motiva* and related cases.

NXP argues that the Court should find the complaint's allegation insufficient to plead willful blindness, citing to *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, Dkt. 52 (W.D. Tex. Aug. 6, 2019). Mot. at 6. But *VLSI* predates *Motiva*, and there is good reason for following *Motiva* instead of *VLSI* because the allegations in Liberty's complaint parallel those in *Motiva* more closely than those in *VLSI*. As explained above, the allegations here describe two separate examples of deliberate conduct: (1) the existence of a policy against reviewing outside patents, and (2) affirmatively instructing employees not to read outside patents. By contrast, in *VLSI*, the relevant allegation was based solely on a corporate policy,[5] so the Court did not consider—and the decision does not encompass—the separate act of affirmatively instructing employees not to read outside patents. *See VLSI Tech.*, Slip Op. at 1. So even if the Court's view in *VLSI* was that the existence of a corporate policy did not meet *Global-Tech*'s requirement of affirmative

---

*Hisense Co. Ltd.*, 4:18-cv-768-ALM (E.D. Tex.) at Dkts. 49 (Jan. 18, 2019) (motion to dismiss as to Best Buy defendants), 63 (Feb. 12, 2019) (motion to dismiss as to Sharp Corporation), 65 (Feb. 12, 2019) (motion to dismiss as to TPV defendants), 85 (May 17, 2019) (order denying motion of Best Buy Defendants), 86 (May 17, 2019) (order denying motion of Sharp Corporation), 87 (May 17, 2019) (order denying motion of TPV defendants); *American Patents LLC v. HP Inc.*, No. 4:18-cv-700-ALM (E.D. Tex.) at Dkts. 15 (Dec. 21, 2018) (motion to dismiss), 58 (May 17, 2019) (order denying motion); *American Patents LLC v. Huawei Device USA, Inc.*, No. 4:18-cv-672-ALM (E.D. Tex.) at Dkts. 19 (Dec. 27, 2018) (motion to dismiss), 44 (May 17, 2019) (order denying motion); *American Patents LLC v. LG Electronics Inc.*, No. 4:18-cv-673-ALM (E.D. Tex.) at Dkts. 24 (Dec. 28, 2018) (motion to dismiss), 48 (May 17, 2019) (order denying motion); *American Patents LLC v. Panasonic Corporation of North America*, No. 4:18-cv-766-ALM (E.D. Tex.) at Dkts. 18 (Jan. 14, 2019) (motion to dismiss), 32 (May 17, 2019) (order denying motion); *American Patents LLC v. Samsung Electronics America, Inc.*, No. 4:18-cv-674-ALM (E.D. Tex.) at Dkts. 23 (Dec. 27, 2018) (motion to dismiss), 43 (May 17, 2019) (order denying motion).

[5] *See* Compl. in *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, Dkt. 1, (W.D. Tex. April 11, 2019) at ¶ 28 (". . . [Intel] was willfully blind to the existence of the [asserted patent] and its infringement of the [asserted patent] based on, for example, its publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals.").

6

conduct, there can be little doubt that *actively instructing* employees not to read patents plausibly describes "active efforts by an inducer to avoid knowing about the infringing nature of the activities." *See Global-Tech*, 563 U.S. at 770; *Motiva*, 408 F. Supp. 3d at 834.[6]  Thus, *VLSI* does not provide an obstacle to following the majority of decisions confronting this issue.[7]

NXP also points to *Nonend Inventions, N.V. v. Apple Inc.*, No. 2:15-cv-466-JRG, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016). Mot. at 6. An outlier decision within the Eastern District of Texas, *Nonend Inventions* should be given less weight than *Motiva* and *Script Security Solutions*. Not only is it an unpublished decision, but the Report & Recommendation was also the first time a judge in the Eastern District passed on this issue. Both of the more recent, published decisions came out the other way (as well as the numerous decisions cited in footnote 4), suggesting that court's thinking on the issue has evolved. And the *same Magistrate Judge* who wrote the Report & Recommendation in *Nonend Inventions* later wrote the Report & Recommendation in *Estech*, which found similar allegations *sufficient* to plead willful blindness. *See* 2020 WL 6534094, at **5, 6, 7. So the current, consistent position of the Eastern District appears to be that the affirmative acts of creating policies and prohibiting review of patents adequately pleads pre-suit knowledge based on a theory of willful blindness.

---

[6] Liberty also maintains that the affirmative act of *creating* the alleged policy meets the *Global-Tech* requirement of "deliberate conduct." *See Motiva*, 408 F. Supp. 3d at 833.

[7] In the event the Court were to dismiss Liberty's willful blindness and/or willfulness allegations, it should do so without prejudice consistent with its approach in *VLSI*. There, the Court recognized that the "best course of action" was to dismiss VLSI's claims "*without prejudice* to the refiling of these claims after discovery has been conducted." *VLSI Tech.*, Slip Op. at 1-2 (emph. in orig.). This approach properly recognizes that the evidence needed to prove Liberty's willful blindness allegation (and, likewise, to plead willful blindness in more detail) is likely kept confidential and thus inaccessible absent the discovery process. Defendants like NXP should not be permitted to avoid liability for indirect and/or willful infringement by keeping their corporate policies and conduct secret.

Having plausibly pleaded that such a policy and affirmative practice exists, Liberty should be permitted to proceed to discovery on its indirect and willful infringement claims. These types of policies present real willful blindness issues, and willfulness cases are tried to juries on them alone. *See, e.g.*, *Intel Corp. v. Future Link Sys., LLC*, 268 F. Supp. 3d 605, 623 (D. Del. 2017) (denying summary judgment of non-willfulness where "Intel's own engineers concede that they avoid reviewing other, non-Intel patents so as to avoid willfully infringing them," and where there was a "lack of evidence of Intel ever investigating if its products infringed"). Here, at the motion to dismiss stage, Liberty's allegations need only be plausible. Notably, NXP does not deny that it has such a policy, and it does not deny that it is a standard practice for tech companies to have such a policy—expressly to avoid liability for willfulness. *See* Mot. at 6. The Court should not permit NXP to use Rule 12(b)(6) to short-circuit the discovery process merely because it dislikes the allegations against it.

### B. Pre-Suit Knowledge Is Not Required To State a Claim for Induced Infringement, Contributory Infringement, or Willful Infringement

But even if the complaint did not plead pre-suit knowledge, the Court should still deny the Motion, because pre-suit knowledge is not required to state a claim for indirect or willful infringement, as NXP incorrectly asserts. *See* Mot. at 5, 6, 10-11. To the contrary, knowledge for induced and contributory infringement is "adequately plead[ed]" where the defendant is alleged to have known of the asserted patents "since at least the filing of [the] action," and, as for willful infringement, "there is nothing in *Halo* [*Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)] suggesting that pre-suit knowledge is required for willfulness. . . . Culpability can arise pre- or post-suit." *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-52-JRG-RSP, 2017 WL 1129951, at *3, *4 (E.D. Tex. Feb. 21, 2017), *rpt. & rec. adopted*, 2017 WL 1109875 (E.D. Tex. Mar. 24, 2017); *see also Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-

1032-JRG, 2017 WL 8727249, at *6 (E.D. Tex. Sept. 22, 2017) ("[A]n allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement."); *T-Rex Prop. AB v. Regal Entm't Grp.*, No. 6:16-cv-1029-RWS-KNM, 2017 WL 4229372, at *8 (E.D. Tex. Aug. 31, 2017), *rpt. & rec. adopted*, 2017 WL 4225441 (E.D. Tex. Sept. 22, 2017) (denying motion to dismiss willfulness claim alleging knowledge based on filing of complaint); *Raytheon Co. v. Cray, Inc.*, No. 2:16-cv-423-JRG-RSP, 2017 WL 1362700, at *5 (E.D. Tex. Mar. 13, 2017), *rpt. & rec. adopted*, 2017 WL 1344900 (E.D. Tex. Apr. 12, 2017) (same).

Courts have denied a number of motions to dismiss willful infringement claims that allege knowledge based on the filing of the complaint. Indeed, all ten of the motions to dismiss listed in footnote 4 above unsuccessfully argued that knowledge gained from the complaint's filing was insufficient for willful infringement. *See supra* n.4.

Although NXP claims that the Federal Circuit has held that pre-suit knowledge is required to plead willful infringement, that is incorrect. *See, e.g., CAP Co., Ltd. v. McAfee, Inc.*, No. 14-cv-5068-JD, 2015 WL 3945875, at *4-5 (N.D. Cal. 2015) (noting that "[t]his question has come up in many cases and the Federal Circuit has not answered it," and concluding that pre-suit knowledge is not required to state a claim for induced infringement). To the contrary, the case on which NXP relies strongly suggests the opposite conclusion. In *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275 (Fed. Cir. 2016), the Federal Circuit held that the district court abused its discretion by excluding evidence of **post-filing willful infringement** because the patentee did not seek a preliminary injunction. *Id.* at 1295. Because an appellate court may affirm on any basis supported by the record, *see Safeguard Base Ops., LLC v. United States*, 989 F.3d 1326, 1348 (Fed. Cir. 2021), if post-suit knowledge were not a permissible element of a

9

willful infringement claim, the Federal Circuit could have affirmed the district court's evidentiary ruling on that alternative ground. The court's reversal, then, strongly implies that the Federal Circuit views a willful infringement claim based solely on post-suit knowledge as legally permissible.[8] *See also Continental Circuits LLC v. Intel Corp.*, No. 15-cv-2026-PHX-DGC, 2017 WL 2651709, at *8 n.11 (D. Ariz. June 19, 2017) (recognizing that "[t]he Federal Circuit recently suggested that post-suit conduct alone can support a finding of willfulness." (citing *Mentor Graphics Corp.*, 851 F.3d at 1295)).[9]

So even if the complaint contained no pre-suit knowledge allegations, Liberty has stated a claim for induced infringement, contributory infringement, and willful infringement of the patents-in-suit by pleading that the complaint put NXP on notice of the patents and that NXP's infringement is ongoing. *See* Dkt. 1 at ¶¶ 64, 71, 82, 87-89. No more is required. *See, e.g., Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-CV-1274-JRG-RSP, 2016 WL 4778699, at *7 (E.D. Tex. Aug. 19, 2016), *rpt. & rec. adopted*, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) ("The Court also finds the Complaint states a claim to post-suit willful infringement . . . . The Complaint alleged that despite these facts, the [] Defendants have not ceased their infringing activities."); *see also Huawei Techs.*, 2017 WL 1129951, at *3, *4

---

[8] Of course, as explained above, Liberty also plausibly pleads pre-suit knowledge based on NXP's willful blindness.

[9] NXP cites to a handful of additional district court decisions in support of its argument, but these decisions provide little analysis of the issue and, in at least one case, actually sustain indirect and willful infringement claims despite an apparent lack of pre-suit knowledge. *See Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 7:19-cv-26, 2019 WL 3818049, at *4 (W.D. Tex. June 13, 2019) (noting that defendant "has been aware of the '906 Patent since it was served with the Original Complaint in September 2018" but denying motion to dismiss indirect infringement claim), *id.* at *5 (noting that, while Court would "[o]rdinarily" dismiss willful infringement claim "absent a specific allegation of pre-suit knowledge," it would not do so in this case because, "[o]n the unique facts in this case, the court accepts the possibility of willful blindness or, at a minimum, an adequate basis to allege willfulness").

(finding that Huawei's complaints, which alleged that T-Mobile knew of the asserted patents "since at least the filing of this action," adequately pleaded knowledge for purposes of indirect infringement and willful infringement); *WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv- 457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012) (holding that an allegation of notice of the patents-in-suit and that continued infringement would be willful is sufficient at the pleading stage).

### IV.    THE COMPLAINT STATES A CLAIM FOR INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT

#### A.    The Complaint Plausibly Pleads a Claim for Induced Infringement

NXP argues only that the complaint inadequately alleges the knowledge element of Liberty's induced infringement claim. Because the complaint alleges both pre-suit knowledge based on a theory of willful blindness, as well as post-filing knowledge, the complaint states a claim for induced infringement of the '612 patent. *See supra* Part III.

#### B.    The Complaint Plausibly Pleads a Claim for Contributory Infringement

The complaint also plausibly pleads a claim for contributory infringement, because it plausibly alleges that the accused products have no substantial noninfringing uses.[10] *See* Mot. at 7-8. The complaint alleges that the accused products possess special features that lack substantial noninfringing uses. *See* Dkt. 1 ¶¶ 84 ("The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '612 Patent, including, for example, claim 1 of the '612 Patent."), 86 ("These special features constitute a material part of the invention of one or more of the claims

---

[10] The complaint plausibly alleges NXP's knowledge of the asserted patent as explained in Part III.

of the '612 Patent and are not staple articles of commerce suitable for substantial non-infringing use.").

And the complaint specifically identifies and describes the special features. Dkt. 1 ¶ 85 ("The special features include, for example, retrieving automatic software updates in an embedded system used in a manner that infringes the '612 Patent."); *see also, e.g.*, Dkt. 1 ¶¶ 53-63 (describing special features). These detailed factual allegations readily distinguish the complaint from those at issue in *Joao Control & Monitoring Systems, LLC v. Protect America, Inc.*, No. 1-14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015), and *Iron Oak Technologies, LLC v. Dell, Inc.*, No. 1:17-cv-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018), where the complaint contained only a "vague description of the accused products" and "conclusory allegations that merely recite the elements of contributory infringement." *Joao Control*, 2015 WL 3513151, at 5; *see also Iron Oaks*, 2018 WL 1631396, at *2 (same).[11] More is not required at the pleading stage, "because such detail is likely only to be revealed via discovery." *Motiva*, 408 F. Supp. 3d at 836 n.6.

Because the complaint's allegations indicate that the accused features are especially adapted for infringement, they raise a plausible inference that no substantial noninfringing uses exist. *See id.* ("Having plausibly alleged that [Defendant's] products have a software component that maps upon a claim limitation, the Court finds that [Plaintiff] has also alleged a lack of substantial noninfringing uses." (citing *Lormand*, 565 F.3d at 267)); *see also id.* at 835 ("For

---

[11] Further, NXP argues that *Joao Control* rejected a "type of circular pleading," Mot. at 8, but that is inaccurate. The portion of the case that NXP quotes refers to an argument made at the hearing, not allegations in the complaint, so it is not entirely clear what NXP means by "circular pleading." *See* 2015 WL 3513151, at *5. In any case, here, the complaint's allegations provide extensive factual details regarding the accused products' special features and go well beyond "essentially point[ing] to claim language," as NXP misleadingly argues. *See* Mot. at 8.

purposes of a motion to dismiss under 12(b)(6), a well-pled allegation that an accused product (or its component) has 'no substantial noninfringing uses' is independently sufficient to plead the knowledge element of contributory infringement."). NXP states, without any support, that "[i]t is apparent that the accused 'embedded systems capable of automatically updating system software' (Complaint at ¶ 51) have substantial non-infringing uses . . . ." Mot. at 8. But that bare factual assertion is neither "apparent" nor appropriate for consideration at this stage. A Rule 12(b)(6) motion to dismiss is not the proper time for NXP to contest factual allegations; if it wishes, it can do so in its answer. At this stage, the Court must take the complaint's factual allegations as true and interpret the complaint in the light most favorable to Liberty. *Snow Ingredients, Inc.*, 833 F.3d at 520; *Lormand*, 565 F.3d at 232. Here, the complaint's allegations easily meet the requirement to plead a plausible claim for contributory infringement. *See Lifetime Indus., Inc.*, 869 F.3d at 1381.

    **C.    The Complaint Plausibly Pleads a Claim for Willful Infringement**

Finally, the complaint states a claim for willful infringement.[12] NXP argues that the complaint's willful infringement claim should be dismissed for failure to plead facts describing "egregious" conduct.[13] Mot. at 9-10. But whether infringing conduct was sufficiently "egregious" is not an element of willful infringement at all. "To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it

---

[12] The complaint plausibly alleges knowledge as explained above. *Supra* Part III.

[13] The Court should disregard NXP's throwaway argument that the complaint pleads willfulness based on the *Seagate* legal standard due to the use of the words "objectively reckless." Mot. at 9-10. Rather than get hung up on two words, the Court must look to the factual allegations as a whole and determine whether they plead a claim of willful infringement under current legal standards. As explained in this section, the complaint's factual allegations readily plead a plausible claim of willful infringement.

infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-209-ADA, 2019 WL 3940952, at *3 (W.D. Tex. Jul. 26, 2019).[14] In articulating this rule, this Court expressly adopted the standard expressed in *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-cv-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)). In *Välinge Innovation*, the court thoroughly analyzed *Halo* and concluded that "egregiousness" is not a part of the pleading standard for willful infringement. *Välinge Innovation* has been discussed as a seminal case on this issue. *See* Matthews Ann. Pat. Dig. § 39:11; *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 18-826-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019) (Bryson, Cir. J., by designation) ("This Court concludes that there is no requirement that the plaintiff plead additional facts, beyond knowledge of the patent or patents, in order for a claim of willful infringement to survive a motion to dismiss." (citing, *inter alia*, *Välinge Innovation*, 2018 WL 2411218, at *6)).

Instead, "egregiousness" is for the Court to consider in exercising its discretion to enhance damages after the jury's finding of willfulness. *See Ericsson Inc. v. TCL Comm. Tech. Holdings, Ltd.*, No. 2:15-cv-11-RSP, 2018 WL 2149736, at *8 (E.D. Tex. May 10, 2018) ("The jury must decide whether the infringement was ***intentional***, and then the court must decide

---

[14] NXP does not assert that the complaint fails to meet the standard of *Parity Networks*. Nonetheless, the complaint readily meets this standard. *See, e.g.*, Dkt. 1 ¶¶ 64, 67-93. *See also, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (rejecting challenge to jury instruction on willfulness and requiring proof that the defendant "actually knew or should have known that its actions constituted an unjustifiably high risk of infringement."); *Script Sec. Solns. L.L.C.*, 170 F. Supp. 3d at 939 (rejecting argument that plaintiff failed to plead facts showing that defendants' "actions constituted an unjustifiably high risk of infringement" because plaintiff "has pleaded knowledge of the patent, that defendants' customers are infringing, and that the defendants encouraged this infringement").

whether the intentional conduct was ***egregious*** enough to justify enhanced damages") (emph. added), *vacated on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020).

*Halo* did state that enhanced damages awards are a "sanction for egregious infringement behavior." 136 S. Ct. at 1932. But that does not mean egregiousness is an element of willful infringement. Indeed, "*Halo* emphasized that subjective willfulness alone—i.e., proof that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known to the accused infringer" is sufficient to establish willfulness and allow the court to consider enhancing damages. *Arctic Cat Inc.*, 876 F.3d at 1371 (internal quotations omitted). For that reason, in *Ericsson* the court rejected a defendant's challenge to the jury's willfulness verdict specifically because the defendant's "assumption that a jury's willfulness verdict cannot stand without egregious or shocking infringement behavior is inconsistent with the Federal Circuit's decision in *Arctic Cat*." *Ericsson*, 2018 WL 2149736, at *9.

The other cases on which NXP relies—*Michigan Motor Technologies LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377 (E.D. Mich. 2020), and *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3-4 (W.D. Tex. Nov. 30, 2018)— are unavailing. *Meetrix* issued before this Court's *Parity Networks* decision, which adopted the well-reasoned analysis expressed in *Välinge Innovations* and appears to represent the more recent position of this Court.[15] And *Michigan Motor Technologies* recognizes there is disagreement between district courts, yet—despite issuing after the Federal Circuit's *Arctic Cat* opinion and subsequent district court analyses including *Ericsson*, *Välinge Innovation*, and this Court's *Parity Networks* decision—fails to discuss those relevant cases and thus adds no

---

[15] In addition, *Meetrix* appears to assume that egregious behavior is an element of willfulness and does not address the issues identified in the *Arctic Cat* or *Ericsson* decisions.

persuasive value. Accordingly, under the proper pleading standard for willful infringement, as adopted and articulated by this Court and others, Liberty's complaint plausibly pleads a claim for willful infringement.

## V. IF NECESSARY, THE COURT SHOULD GRANT LEAVE TO AMEND

If the Court rules that any of Liberty's claims are not adequately pleaded, Liberty requests an opportunity to amend its complaint to address any deficiencies that the Court finds, or, at a minimum, to incorporate its P.R. 3-1 infringement contentions by reference once those are submitted. The court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (finding an abuse of discretion for the district court's failure to grant leave to amend and explaining "[t]he language of this rule evinces a bias in favor of granting leave to amend," and "[a] district court must possess a substantial reason to deny a request.") (citations and internal quotations omitted). "[T]he Rule 'evinces a bias in favor of granting leave to amend.'" *Potter v. Bexar Cnty. Hosp. Dist.*, 195 Fed. Appx. 205, 208 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (quoting *Dussouy*, 660 F.2d at 598).

## VI. CONCLUSION

For the foregoing reasons, the Court should deny NXP's Motion to Dismiss.

Dated: April 26, 2021

Respectfully submitted,

/s/ *Larry D. Thompson, Jr.*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Rehan M. Safiullah
Texas Bar No. 24066017
rehan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
Texas Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
815 South Broadway Avenue
Tyler, TX 75701
(903) 593-7000

*Attorneys for Liberty Patents LLC*